WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diana L. Garcia,<br><br>    Plaintiff,<br><br>vs.<br><br>Salt River Project Agricultural Improvement and Power District, a political subdivision of the State of Arizona, and International Brotherhood of Electrical Workers Local Union 266, John Does I-V and Jane Does I-V; Black Corporations I-III and White Partnerships I-III,<br><br>    Defendants. | No. 05-1279-PHX-ROS<br><br>**OPINION AND ORDER** |

Pending before the Court is a motion filed by Defendant Salt River Project Agricultural Improvement and Power District ("SRP"). That motion seeks to strike Plaintiff Diana L. Garcia's Demand for Jury Trial as untimely. For the following reasons, the motion is granted.

### BACKGROUND

Plaintiff filed her original complaint in Maricopa County Superior Court. That complaint contained two counts. Count I alleged that SRP had "subjected Plaintiff to discrimination and a hostile work environment based on gender" in violation of Arizona Revised Statutes sections 41-1461, et seq., and Title VII of the Civil Rights Act of 1964.

Count II alleged that the International Brotherhood of Electrical Workers Local Union 266 ("Local 266") had failed to comply with the Collective Bargaining Agreement and breached its obligations to Plaintiff. Plaintiff later filed an amended complaint. The amended complaint alleged that SRP "subjected Plaintiff to discrimination and a hostile work environment based on gender, race and national origin." Neither the original complaint nor the amended complaint demanded a jury trial. SRP removed the case to this Court based on the allegations regarding violations of Title VII. SRP then filed its answer on May 6, 2005. On May 25, 2005, Plaintiff filed her Demand for Jury Trial. (Doc. # 4) Local 266 filed its answer on November 9, 2005. SRP now seeks to strike the jury demand as untimely.

## ANALYSIS

Federal Rule of Civil Procedure 38 provides that "[t]he right of trial by jury . . . shall be preserved to the parties inviolate." That rule also provides the procedures whereby a party may invoke the right of trial by jury. "Any party may demand a trial by jury of any issue triable of right by a jury by . . . serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue . . . ." Fed. R. Civ. P. 38(b). But subpart (d) of Rule 38 provides that "[t]he failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." In this case, SRP believes that Plaintiff waived her right to jury trial by not filing her demand within the ten-day period. The Court agrees.

### I. Computation of Time

Rule of Civil Procedure 6(a) provides specific guidance regarding the computation of time limits. "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sunday, and legal holidays shall be excluded in the computation." Rule 6(a). Also, "a time period begins to run on the day after the crucial act, event, or transaction has occurred." Rule 6(a). Finally, when service is mailed "3 days shall be added to the prescribed period." Rule (6)(e). According to Ninth Circuit precedent, the ten-day

period in this case should be "calculated first by applying the less-than-eleven-day provision of Rule 6(a), thereby excluding any intervening weekends and legal holidays. After this computation, three additional days are added for mail service under Rule 6(e)." Tushner v. United States Dist. Court for the Cent. Dist. of Cal., 829 F.2d 853, 855 -856 (9th Cir. 1987). SRP filed its answer on May 6, 2005. Because May 6, 2005 was a Friday, the first day for the ten-day calculation was Monday May 9, 2005. Excluding the intervening weekend, the last day of the ten-day period was Friday May 20, 2005. Adding three days to this date meant that Plaintiff had until Monday May 23, 2005 to file her request for jury trial. Thus, her request filed on May 25, 2005 was untimely.

**II. Multiple Defendants**

In her response to SRP's request to strike the jury trial demand, Plaintiff asserts that a timeliness analysis such as the one above does not apply because her demand for jury trial was made before Local 266 filed its answer. According to Plaintiff, when there is more than one defendant the Plaintiff has ten days from the last answer filed by a co-defendant. This is an overly broad interpretation of Rule 38(b).

Rule 38(b) states that the ten-day period for demanding a jury trial begins to run "after the service of the last pleading directed to such issue." As explained by the Ninth Circuit, "[w]hen defendants are jointly and severally liable for a claim containing an issue on which there is a right to jury trial, the 'last pleading directed at such issue' is the last pleading required to be filed as between the plaintiff and *any* of the jointly liable defendants. Bentler v. Bank of Am. Nat. Trust and Sav. Ass'n, 959 F.2d 138, 140 (9th Cir. 1992); see also 8 James Wm. Moore Et al., Moore's Federal Practice § 38.50(3)(b)(iii) (3d ed. 2005) (stating that issue must be alleged against both defendants for time period not to begin until both answers filed). Here, however, the defendants are not jointly liable. Plaintiff's Amended Complaint contained two counts. Count one alleged that SRP had engaged in discriminatory acts and count two alleged that Local 266 had breached its contract with Plaintiff. Neither count was asserted against both defendants nor was there an allegation that the parties were

- 3 -

period in this case should be "calculated first by applying the less-than-eleven-day provision of Rule 6(a), thereby excluding any intervening weekends and legal holidays. After this computation, three additional days are added for mail service under Rule 6(e)." Tushner v. United States Dist. Court for the Cent. Dist. of Cal., 829 F.2d 853, 855 -856 (9th Cir. 1987). SRP filed its answer on May 6, 2005. Because May 6, 2005 was a Friday, the first day for the ten-day calculation was Monday May 9, 2005. Excluding the intervening weekend, the last day of the ten-day period was Friday May 20, 2005. Adding three days to this date meant that Plaintiff had until Monday May 23, 2005 to file her request for jury trial. Thus, her request filed on May 25, 2005 was untimely.

**II. Multiple Defendants**

In her response to SRP's request to strike the jury trial demand, Plaintiff asserts that a timeliness analysis such as the one above does not apply because her demand for jury trial was made before Local 266 filed its answer. According to Plaintiff, when there is more than one defendant the Plaintiff has ten days from the last answer filed by a co-defendant. This is an overly broad interpretation of Rule 38(b).

Rule 38(b) states that the ten-day period for demanding a jury trial begins to run "after the service of the last pleading directed to such issue." As explained by the Ninth Circuit, "[w]hen defendants are jointly and severally liable for a claim containing an issue on which there is a right to jury trial, the 'last pleading directed at such issue' is the last pleading required to be filed as between the plaintiff and *any* of the jointly liable defendants. Bentler v. Bank of Am. Nat. Trust and Sav. Ass'n, 959 F.2d 138, 140 (9th Cir. 1992); see also 8 James Wm. Moore Et al., Moore's Federal Practice § 38.50(3)(b)(iii) (3d ed. 2005) (stating that issue must be alleged against both defendants for time period not to begin until both answers filed). Here, however, the defendants are not jointly liable. Plaintiff's Amended Complaint contained two counts. Count one alleged that SRP had engaged in discriminatory acts and count two alleged that Local 266 had breached its contract with Plaintiff. Neither count was asserted against both defendants nor was there an allegation that the parties were

jointly and severally liable. Therefore, the "last pleading directed" to the issue of discrimination was SRP's answer filed on May 6, 2005. Plaintiff's demand for jury trial filed May 25, 2005 was not timely as to the allegations contained in Count I of the Amended Complaint.

Accordingly,

IT IS ORDERED that SRP's Motion to Strike Jury Demand (Doc. # 5) is GRANTED.

DATED 11/17/05.

_____
Roslyn O. Silver
United States District Judge