1  **WO**

6  IN THE UNITED STATES DISTRICT COURT
7  FOR THE DISTRICT OF ARIZONA

9  Diana L. Garcia,                      )   No. 05-1279-PHX-ROS
                                          )
10             Plaintiff,                 )   **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    Salt River Project Agricultural)
13  Improvement and Power District, a)
    political subdivision of the State of)
14  Arizona, and International Brotherhood of)
    Electrical Workers Local Union 266, John)
15  Does I-V and Jane Does I-V; Black)
    Corporations I-III and White Partnerships)
16  I-III,                                )
                                          )
17             Defendants.                )
                                          )
18  _____)

20   On April 24, 2006, Defendant SRP filed a Motion for Relief Due to Plaintiff's Failure
21  to Disclose Experts. (Doc. 30) The Court denied that motion based on a provision in the
22  parties' scheduling order requiring parties to arrange a conference call rather than file a
23  formal motion regarding discovery issues. (Doc. 54) Plaintiff now seeks an award of
24  attorneys' fees incurred in responding to Defendant's motion. (Doc. 66) Defendant argues
25  that its motion involved a scheduling issue not a discovery issue. For the following reasons,
26  the request for attorneys' fees will be denied.
27   According to Federal Rule of Civil Procedure 16(f), a Court "shall require the party
28  or the attorney representing the party or both to pay the reasonable expenses incurred because

of any noncompliance with [the scheduling order], including attorney's fees."  A court need not award expenses if "the noncompliance was substantially justified or . . . other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 16(f).  A court enjoys "very broad discretion" when determining if an award of expenses is appropriate.  <u>Martin Family Trust v. Heco/Nostalgia Enters. Co.</u>, 186 F.R.D. 601, 602 (E.D. Cal. 1999) (quoting <u>Matter of Sanction of Baker</u>, 744 F.2d 1438, 1440 (10th Cir. 1984)).

In this case, Defendant sought an extension of time in which to disclose its expert witnesses.  There was a good faith basis for Defendant to believe that this request did not qualify as a discovery dispute subject to the requirements of the scheduling order.  Also, Defendant was eventually granted the relief it sought.  Thus, an award of expenses would be "unjust" and Plaintiff's motion will be denied.  Fed. R. Civ. P. 16(f).

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Attorneys' Fees (Doc. 66) is **DENIED**.

DATED this 4th day of August, 2006.

_____
Roslyn O. Silver
United States District Judge